UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| NORTHFIELD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 6: 07-295-DCR |
| V. | ) ) ) | |
| DARRELL E. SAYLOR, d/b/a SAYCO TRUCKING, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Darrell E. Saylor d/b/a Sayco Trucking's ("Saylor") motion to dismiss. [Record No. 11] Having reviewed the parties' briefs and the applicable law, the Court concludes that it should not exercise jurisdiction over Plaintiff Northfield Insurance Company's ("Northfield) claim for declaratory relief. Therefore, Defendant Saylor's motion to dismiss will be granted, and this action will be dismissed, without prejudice, to be re-filed in the Harlan Circuit Court or another state court of competent jurisdiction. The remaining motion for summary judgment will be denied as moot.

**I.     BACKGROUND**

Northfield filed thus action for declaratory relief pursuant to 28 U.S.C. § 2201 on August 23, 2007. In its Complaint, Northfield seeks a declaratory judgment concerning its obligation to indemnify or provide coverage for claims asserted against Saylor and its employees in an underlying state court action in the Harlan Circuit Court.

The dispute between the parties arises out of an incident that occurred on or about May 13, 2005. On that date, Birtchel Bubby Asher, an alleged employee of Saylor, was injured when a coal truck belonging to Saylor rolled onto him. Subsequently, Asher filed an action against Saylor in Harlan Circuit Court seeking damages for his injuries. The record reflects that the underlying state court action concerned, in part, whether Asher's claims against Saylor were barred by the exclusive remedy provided by the Kentucky's workers' compensation statute.

Northfield filed this action on August 23, 2007, alleging diversity jurisdiction. In particular, Northfield's Complaint asserts that it is a citizen of Indiana and that Saylor is a citizen of Kentucky. Further, the Complaint provides that "[p]ursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of cases such as this in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is between citizens of two different states." [Record No. 1] Northfield filed this action challenging whether a policy of insurance issued in favor of Saylor covers the claims made by Asher in the Harlan Circuit Court. According to Northfield, the policy in question "does not provide coverage for the claims by Mr. Asher against the Defendant, and as a result, Northfield does not have any obligation to defend or indemnify the Defendant." [Record No. 1, ¶ 13] While Northfield does not cite 28 U.S.C. 2201 as a jurisdictional basis for its action, it does state in its prayer for relief that it is demanding a "judgment declaring that the subject insurance policy does not cover the Defendant's claims in the underlying action and that Northfield has no obligation to defend or indemnify the Defendant." [Record No. 1]

Two weeks after the case was filed in this Court, the Harlan Circuit Court entered partial summary judgment in favor of Saylor noting that:

> the Defendants, Darrell E. Saylor, Individually, and Darrell E. Saylor d/b/a Sayco Trucking and/or Sayco Trucking Company, are entitled to summary judgment as a matter of law pursuant to the exclusive remedy provisions of the Kentucky workers' compensation act and further concludes that, by cashing the workers' compensation income benefits (TTD) checks, Plaintiff, Birtchel Bubby Asher, has waived an and all rights to proceed against the Defendants, Darrell E. Saylor, Individually, and/or Darrell E. Saylor d/b/a Sayco Trucking and/or Sayco Trucking Company, for damages caused by the injury which occurred on or about May 13, 2005.

[Record No. 6; attached September 7, 2007, Order] Notably, the state court dismissed the Plaintiff's personal injury claims. However it denied summary judgment with respect to claimed violations of state wage hour and overtime laws.

## II.   DISCUSSION

The Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act "confers discretion on courts, not rights on litigants" and "the propriety of issuing a declaratory judgment may depend on equitable considerations." *American Home Assurance Co. v. Evans*, 791 F.2d 61, 64 (6th Cir. 1986) (*citing Green v. Mansour*, 474 U.S. 64 (1985)). The Act, however, "does not provide for its own subject matter jurisdiction; the plaintiff must establish that the district court has either diversity jurisdiction or federal question jurisdiction before the Court will entertain a declaratory action." *Brotherhood Mutual Insurance Co. v. United apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 691 (E.D. Ky. 2002). Therefore, in deciding

whether to exercise jurisdiction over a declaratory judgment action, a court must first determine whether subject matter jurisdiction exists. If the Court finds that subject matter jurisdiction exists, it must then "evaluate whether this case is appropriate for declaratory judgment pursuant to the Declaratory Judgment Act." *Id*. at 692.

District courts have broad discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Aetna Casualty & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). Although this Court may exercise jurisdiction, it is "under no compulsion" to do so. Wilton, 515 U.S. at 278. The Sixth Circuit has identified several factors that courts should consider in determining whether to exercise jurisdiction, including:

> "(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective."

*Aetna*, 74 F.3d at 687 (*quoting Grand Trunk Western Ry. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

In the present case, the Court finds that diversity jurisdiction exists. Specifically, the record reflects and the parties have not disputed that Northfield is a citizen of Indiana and Saylor is a citizen if Kentucky. In addition, the record reflects that the amount in controversy exceeds

$75,000.00. Therefore, the issue to be decided is whether it would be appropriate to exercise jurisdiction over this matter.

In *Travelers Indemnity Company v. Bowling Green Professional Associates, PLC*, 495 F.3d 266 (6th Cir. 2007), the Sixth Circuit held that the district court had abused its discretion in exercising jurisdiction over the declaratory judgment action. In that case, two insurance companies sought a determination of whether the insurance policies at issue required them to defend or indemnify the insured, an outpatient drug treatment facility, in a wrongful death suit. The wrongful death suit was filed by the estate of a woman killed in a car accident caused by a patient who had just received a methadone treatment at the facility.

In analyzing the first two *Grand Trunk* factors, the court found that, while a declaratory judgment would clarify the legal relationship between the insurers and the insured, it would not settle the controversy that was the subject of the wrongful death suit. In addition, the court noted that not all parties to the wrongful death suit were parties to the declaratory judgment action. The court stated that, although these non-parties might be affected by the declaratory judgment, they would not be bound by it. The court determined that the third factor was neutral because it found no evidence of procedural fencing.

With respect to the fourth factor, the court noted that the issue of whether the facility's conduct in allowing the patient to drive his car after receiving a methadone treatment constituted "medical negligence" or "ordinary negligence" had not yet been resolved by the Kentucky courts. Therefore, the court concluded that the state court was in a better position to apply and interpret state law. Finally, the court found that the fifth factor weighed against exercising

jurisdiction because alternative remedies existed. Specifically, it noted that the insurance companies could file a declaratory judgment action or an indemnity action in state court at the conclusion of the underlying liability case. Based on this analysis, the court found that the district court had abused its discretion in exercising jurisdiction over the declaratory judgment action.

Since the *Travelers* decision was issued, several district courts within the Sixth Circuit, including this court, have declined to exercise jurisdiction over a declaratory judgment action involving an insurance company's duty to defend and indemnify. *See, e.g., Motorist Mutual Ins. Co. v. Jones*, No. 6:07-115-DCR, 2007 WL 2903230 (E.D. Ky. Sept. 27, 2007); *Citizens Ins. v. Lanly Co.*, Nos. 1:07-241, 1:07-467, 1:07-469, 2007 WL 3129783 (N.D. Ohio Oct. 23, 2007); *Horace Man Ins. Co. v. Alberts*, No. 1:06-181-M, 2007 WL 3025071 (W.D. Ky. Oct. 15, 2007); *Allstate Ins. Co. v. Regalbuto*, No. 1:07-486, 2007 WL 2286311; *Westport Ins. Corp. v. Al Bourdeau Ins. Servs.*, No. 07-12106, 2007 WL 2225874 (E.D. Mich. Aug. 2, 2007).

After reviewing the *Travelers* opinion, the subsequent district court decisions and the *Grand Trunk* factors, the Court concludes that it would not be appropriate to exercise jurisdiction under the Declaratory Judgment Act under the circumstances presented.

> A. *Whether the declaratory judgment would settle the controversy and would serve a useful purpose in clarifying the legal relations at issue*

The controversy in this case is one of insurance coverage. Northfield seeks a declaration that it has no duty to defend or indemnify Saylor based on exclusions in an insurance policy. In particular, Northfield asserts that under the language of its insurance policy with Saylor, if Asher was an employee of Saylor at the time of his injuries, it would have no duty to defend or

indemnify Saylor in the state court personal injury action. Thus, resolution of the controversy in this case hinges primarily on whether Asher was an employee of Saylor at the time of his injury. Notably, at the time Northfield filed this action, Asher's employment status was already being litigated in the state court proceeding. In fact, Saylor's defense in the underlying state court action has been, in part, that Asher's action is barred by the exclusive remedy provision of the Kentucky Workers' Compensation Act. The record reflects that the state court has already decided the issue of Asher's employment status inasmuch as it has entered partial summary judgment in favor of Saylor, finding that Asher was an employee at the time of his injuries and that his some of his claims were barred by the exclusive remedy provision of the Kentucky Worker's Compensation Act.

In the instant case, a declaration of insurance coverage would not resolve the controversy. Although a declaratory judgment would clarify the scope of the coverage of the insurance policy and establish the legal relationship between Northfield and Saylor, it would not settle the underlying controversy that is the subject of the state court action. Asher was not made a party to the declaratory judgment action. Therefore, any judgment in this Court would not be binding as to him and could not be res judicata in the tort action. Likewise, an adverse judgment against Saylor in the state court action could still leave Northfield subject to liability in a subsequent collection suit by Asher. Accordingly, the Court finds that the first two *Grand Trunk* factors weigh against the exercise of jurisdiction.

      **B.**  *Whether the declaratory remedy is being used merely for the purpose of "procedural fencing"*

There has not been any evidence presented which suggests that Northfield filed this action in an effort to engage in procedural fencing. Thus, the Court finds that the third *Grand Trunk* factor is neutral.

> C. *Whether the use of a declaratory action would increase friction between federal and state courts and encroach upon state jurisdiction*

The issue of Asher's employment status and the issues of the insurance contract interpretation are questions of state law. As noted in *Travelers*, "issues of 'insurance contract interpretation are questions of state law with which the [] state courts are more familiar and, therefore, better able to resolve.'" *Travelers*, 495 F.3d at 273 (citing *Bituminous Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 815 (6th Cir. 2004). Moreover, resolution of the insurance controversy in this case requires a ruling on an issue previously decided by the state court (*i.e.*, whether Asher was an employee of Saylor at the time of his injuries). Because these underlying factual issues involve interpretation of Kentucky state law, the Court finds that the state court is the preferred forum for adjudicating these issues. And, as this court has noted, "[t]o outweigh this state interest, 'more must be present than the desire of the insurance company to avoid the possibility of an unfavorable ruling in state court by convincing the federal court to rule first.'" *See Brotherhood Mutual Insurance Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 691 (E.D. Ky. 2002).

> D. *Whether there is an alternative remedy which is better or more effective*

Finally, the Court finds that there is a better and more effective alternative remedy available to Northfield in this case. Specifically, Kentucky has a procedure for a party to obtain a declaration of rights pursuant to K.R.S. § 418.040. Thus, Northfield could re-file its

declaratory judgment action in the state court that is currently addressing the underlying tort action. The parties have not presented any evidence demonstrating that this alternative remedy would not adequately protect Northfield's interests. Moreover, as previously noted, the issues presented in this case involve questions of state law. Therefore, the state court is the preferred forum for adjudicating the issues in this case. Accordingly, this factor weighs against exercising jurisdiction.

### III. CONCLUSION

Having examined the *Grand Trunk* factors, the Court finds that at least four of the five factors weigh against the exercise of jurisdiction. Therefore, the Court concludes that a declaratory judgment in this case would not settle the controversy or resolve all the underlying legal relations. Moreover, any resolution that could be achieved by the declaratory judgment would likely increase the friction between state and federal courts. In addition, an alternative, superior remedy exists in state court.

Accordingly, it is hereby **ORDERED** that:

1. The Defendant's motion to dismiss [Record No. 11] is **GRANTED**;

2. This action is **DISMISSED**, without prejudice, and stricken from the Court's active docket.

3. The Plaintiff's motion for summary judgment [Record No. 13] is **DENIED**, as moot.

This 10th day of July, 2008.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**